**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jarvis A. COLE, Defendant–Appellant.**

No. 05–10821
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 2006.

Nancy E. Larson, Assistant U.S. Attorney, Christopher R. Wolfe, U.S. Attorney's Office, Fort Worth, TX, for Plaintiff–Appellee.

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM: *

Jarvis A. Cole appeals the 23–month sentence imposed following the revocation of his supervised release. He contends that pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Mares*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

402 F.3d 511, 519 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005), sentences, including those imposed upon revocation of supervised release, are reviewed under the reasonableness standard. Further, he argues that the sentence imposed was unreasonable because it substantially exceeded the recommended range and the district court's reasons for imposing the sentence were insufficient.

This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of *Booker* because Cole has not shown that his sentence was either unreasonable or plainly unreasonable. *See United States v. Hinson*, 429 F.3d 114, 120 (5th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1804, 164 L.Ed.2d 540 (2006); *United States v. Jones*, 182 Fed.Appx. 343, 344 (5th Cir.2006). Cole was subject to a two-year statutory maximum sentence upon revocation of his supervised release. *See* 18 U.S.C. §§ 513(a), 371, 3559(a)(4), and 3583(e)(3). The Sentencing Guidelines recommended a prison term between 6 and 12 months based on Cole's Grade C violations and his criminal history category of IV. *See* U.S.S.G. § 7B1.4(a). Cole's sentence, while in excess of the recommended range, was within the statutory maximum sentence that the district court could have imposed. Further, a review of the record demonstrates that the district court considered the relevant sentencing factors. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir.2006); *United States v. Weese*, 199 Fed.Appx. 394 (5th Cir.2006) (unpublished). Therefore, the sentence was neither unreasonable nor plainly unreasonable. *See Jones*, 182 Fed.Appx. at 344. Accordingly, the district court's judgment is AFFIRMED.